IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA M. BARTHOLOMEW, | No. CIV.S-04-1730 DAD |
| Plaintiff, | |
| v. | ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, the court concludes that the decision of the Commissioner of Social Security ("Commissioner") must be affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff Lena Mary Bartholomew applied for Disabled Widow's Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"),

1

respectively. (Transcript (Tr.) at 269-71, 390-93.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 255-58, 261-65.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on March 6, 2003, at which time plaintiff was represented by counsel. (Tr. at 394-410.) In a decision issued on November 15, 2003, the ALJ determined that plaintiff was not disabled. (Tr. at 17-32.) The ALJ entered the following findings in this regard:

> 1. The claimant meets all of the nondisability requirements for Disabled Widow's Insurance Benefits set forth in Section 202(e) of the Social Security Act. The claimant's prescribed period begins June 30, 1994 and ended June 30, 2001.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

7. The claimant has the residual functional capacity to perform the exertional requirements of all work activities. However, due to her history of alcoholism, the claimant should avoid climbing ladders, ropes and scaffolds and should not work around hazards including dangerous machinery or at heights. The claimant also has the residual functional capacity to perform simple, repetitive tasks. In other words, the claimant can perform unskilled work on a regular and sustained basis. (Social Security Ruling 85-15.) Unskilled work involves little or no judgment to do simple duties that can be learned on the job in a short period of time. This is in contrast to semi-skilled or skilled work which may require alertness, close attention or coordination and dexterity to do repetitive tasks quickly. (Social Security Ruling (SSR) 83-10.) In addition, unskilled jobs ordinarily involve dealing primarily with objects, rather than with data or people.

8. The claimant has past relevant work as a receptionist, which she is unable to perform (20 CFR §§ 404.1565 and 416.965).

9. The claimant was an "individual closely approaching advanced age and is currently of advanced age" (20 CFR §§ 404.1563 and 416.963).

10. The claimant has "a limited education" (20 CFR §§ 404.1564 and 416.964).

11. The claimant has no transferable skills from any past relevant work (20 CFR §§ 404.1568 and 416.968).

12. The claimant has no exertional limitations (20 CFR §§ 404.1545 and 416.945).

13. Considering the range of work at all levels that the claimant is still functionally capable of performing, in

3

>       combination with her age, education,
>       and work experience, and using section
>       204.00 of the Medical-Vocational
>       Guidelines as a framework for decision-
>       making, the claimant is not disabled.
>
> 14.   The claimant was not under a
>       "disability," as defined in the Social
>       Security Act, at any time through the
>       date of this decision (20 CFR §§
>       404.1520(f) and 416.920(f)).

(Tr. at 30-31.) The ALJ's decision became the final decision of the Administration when the Appeals Council declined review on June 9, 2004. (Tr. at 6-8.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on August 12, 2004.

## **LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that

4

detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?

5

>           If so, the claimant is not disabled.  If not, the
>           claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues in her motion for summary judgment that the ALJ erred at step three of the sequential evaluation when he determined that plaintiff's impairments did not meet or equal a listed impairment.  Specifically, plaintiff asserts that the ALJ should have found plaintiff to meet 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C ("Listing 12.05C"), concerning "mental retardation."

At step three of the sequential evaluation, if a claimant demonstrates that she suffers from a severe impairment that is either listed in Appendix 1 of the regulations or is equal to a listed impairment, she will be found disabled without regard to her age, education or work experience.  20 C.F.R. §§ 404.1520(d), 416.920(d). The listing of impairments in Appendix 1 "describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity."  20 C.F.R. §§ 404.1525(a), 416.925(a).  A claimant's impairment is not considered listed solely because she has the diagnosis of a listed impairment. Rather, the impairment "must also have the findings shown in the

6

Listing of that impairment."  20 C.F.R. §§ 404.1525(d), 416.925(d). See also Marcia v. Sullivan, 900 F.2d 172, 175 (9th Cir. 1990).

An impairment that is not listed in Appendix 1 may be found "equivalent" to a listed impairment if the medical findings are "at least equal in severity and duration to the listed findings."  20 C.F.R. §§ 404.1526(a), 416.926(a).  To determine equivalence, the Commissioner is to compare the "symptoms, signs, and laboratory findings" contained in the medical evidence with the medical criteria for the listed impairment, or with the listed impairment that is most like the claimant's impairment.  Id.  Thus, to equal a listed impairment a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment.  Id.  See also Tackett, 180 F.3d at 1099.  If a claimant has more than one impairment, and none of them meets or equals a listed impairment, the Commissioner must review the symptoms, signs, and laboratory findings associated with the claimant's impairments to determine whether the combination of impairments is medically equal to any listed impairment.  Marcia, 900 F.2d at 175-76; see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1526(a), 416.926(a); Social Security Ruling ("SSR") 83-19.

Here, plaintiff argues that her condition meets Listing 12.05C, which provides in relevant part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e.,

7

>            the evidence demonstrates or supports onset of
>            the impairment before age 22.
>
>            The required level of severity for this disorder
>            is met when the requirements in A, B, C, or D are
>            satisfied.
>
>                            * * *
>
>            C.  A valid verbal, performance, or full scale IQ
>            of 60 through 70 and a physical or other mental
>            impairment imposing an additional and significant
>            work-related limitation of function[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

Here, it is undisputed that plaintiff has a valid verbal, performance, or full scale IQ within the range required for a finding of mental retardation. While plaintiff has a verbal IQ of 76 and a full scale IQ of 71, she has a performance IQ of 70. (Tr. at 312, 385.) There also is no issue as to whether plaintiff meets the prong of Listing 12.05C requiring a "physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The ALJ found plaintiff to have severe impairments, including "alcohol dependence, a depressive disorder, amphetamine abuse, a personality disorder and a cognitive disorder." (Tr. at 25.) See Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987) (stating that a severe impairment meets the second prong of Listing 12.05C).

Rather, the issue presented by the instant motion is whether the record "demonstrates or supports onset" of plaintiff's alleged impairment "before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Although plaintiff bears the burden of proof at step three of the sequential evaluation, plaintiff fails to

acknowledge this requirement in her motion and points to no evidence in the record that would support a finding of the required manifestation of the alleged impairment prior to the age of 22. The court has been unable to find any such evidence. The oldest medical evidence in the record are medical chart notes from 1991, when plaintiff was in her early forties. (Tr. at 102-04.) None of the physicians' reports comment on plaintiff's intellectual functioning before the age of 22. Several of those reports, as well as plaintiff's own statements and testimony at the administrative hearing, indicate that plaintiff's present condition (however it may be characterized) did not manifest itself until plaintiff was in her thirties or forties. (Tr. at 211, 313, 362, 382, 398.) Therefore, plaintiff's argument that she meets Listing 12.05C is without merit. Substantial evidence supports the ALJ's determination at step three of the sequential evaluation.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner denying benefits is affirmed.

DATED: January 10, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.socsec/bartholomew1730.order

9